LOUIS A. ZAYAS, ESQ. (LZ-1881)
GINARTE O'DWYER GONZALEZ & WINOGRAD LLP
400 Market Street
Newark, N.J. 07105
Counsel for the Plaintiff
(973) 854-8400

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS ZALDIVAR, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| TOWNSHIP OF GUTTENBERG;<br>JOEL MAGENHEIMER,<br>Defendants. | |

The Plaintiff CARLOS ZALDIVAR, by and through his attorney, LOUIS A. ZAYAS of GINARTE O'DWYER GONZALEZ & WINOGRAD LLP, alleges the following upon information and belief:

## INTRODUCTION

1. This is a civil rights action brought by the Plaintiff for declaratory, injunctive relief, monetary and punitive damages to redress the deprivation of civil rights afforded to the Plaintiff under 42 U.S.C. §1983, Conscientious Employee Protection Act codified under N.J.S.A. 34:19-1 et seq. and state causes of actions.

## PARTIES

2. Plaintiff Carlos Zaldivar ("Officer Zaldivar"), is a citizen of the State of New Jersey and resides in the County of Hudson. Zaldivar is currently the President of the P.B.A. for

the Guttenberg Police Department, and is employed by the Township of Guttenberg as a police officer.

3. Defendant Township of Guttenberg is a municipality organized by virtue of New Jersey law and pursuant to that law, is to be known and distinguished by the name "Guttenberg." Defendant Guttenberg is sued to affect the full declaratory, injunctive, compensatory damages demanded by the Plaintiff Zaldivar.

4. Defendant Lieutenant Joel Magenheimer ("Lt. Magenheimer"), was and still is the highest ranking police officer for the Guttenberg Police Department. Defendant Lt. Magenheimer is sued in his official and individual capacity for the purpose of effecting the full the declaratory, injunctive, compensatory and punitive damages demanded by the Plaintiff.

## JURISDICTION

5. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. §§1331 and 1343, which confers original jurisdiction upon the Court on the ground that the instant action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. Plaintiff also invokes this Court's pendent jurisdiction with respect to Plaintiff's claims based on the New Jersey Law Against Discrimination, Conscientious Employee Protection Act codified under N.J.S.A. 34:19-1 et seq. and common law causes of actions.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in as much as the Town of Guttenberg can be found in the District of New Jersey, and the cause of action occurred in the County of Hudson.

## FACTS

7. Through financial contributions and political support to Guttenberg, Lt.

Magenheimer runs the day-to-day operations of the Guttenberg police department.

8. In his capacity as President of the Police Union and long-time resident of Guttenberg, Officer Zaldivar frequently complained to Guttenberg about its policies regarding the administration, operations, and management of the Guttenberg Police Department. Officer Zaldivar's complaints touched matters of public concern because it affected the public treasury, the morale of the police department, and public safety.

9. Because of his heavy financial and political support for Guttenberg political leaders, Lt. Magenheimer was routinely promoted within the police department. As a result his political alliance with Guttenberg, Lt. Magenheimer has often advanced the interest of Guttenberg at the expense of the police department and the people of Guttenberg.

10. On or about October 17, 2008, Police Zaldivar was preparing for union negotiations with Guttenberg when Lt. Magenheimer entered the PBA meeting for the purpose of influencing those negotiations. When Lt. Magenheimer realized that Police Officer Zaldivar did not agree with his pro-Guttenberg position, Lt. Magenheimer threaten to "put a bullet in [Police Officer Zaldivar]."

11. After being threatened by Lt. Magenheimer, Officer Zaldivar's filed an internal affairs complaint with the Internal Affairs Bureau of the Guttenberg Police Department against Lt. Magenheimer criminal threats. Under New Jersey's Attorney General Guidelines for Internal Affairs Procedures, the GPD Internal Affairs Bureau was required to conduct an investigation and file a report recommending disciplinary action, if any, within forty-five ( 45 ). Guttenberg's failure to investigate in accordance with the AG Guidelines constitutes a form of unlawful retaliation.

12. Not only did Defendant Town of Guttenberg failed to take immediate remedial

action, thereby creating a hostile work environment for Officer Zaldivar, Defendant Town of Guttenberg engaged in unlawful retaliatory actions against him, including but not limited to, altering its previous practice of allowing unlimited time off for PBA related business by now requiring that Officer Zaldivar use up his vacation days, thereby extracting a heavy price.

## I.
### FIRST CLAIM FOR RELIEF
### MUNICIPAL LIABILITY PURSUANT §1983
### GUTTENBERG

13. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

14. Defendant Guttenberg had a policy, custom, usage and/or practice of engaging in unlawful discriminatory employment practices.

15. Defendant Guttenberg had a policy, custom, usage and/or practice of engaging in retaliatory conduct designed to infringe upon the rights of its employees engaged in constitutionally protected activities secured under the First Amendment to the United States Constitution.

16. Defendants, acting pursuant to municipal policy, custom, usage and/or practice, subjected the Plaintiff to the deprivation of the right to participate in constitutionally protected activities secured under the First Amendment to the United States Constitution.

17. Acting through its policy-makers, Guttenberg intentionally, knowingly, or with deliberate indifference to the rights of the Plaintiff failed to train, instruct, supervise, control and/or discipline the Defendants from engaging in the aforementioned constitutional violations.

18. As a result of the foregoing, the Plaintiff's aforementioned constitutional rights

have been violated, causing Plaintiff to suffer great anxiety, humiliation, embarrassment and other related injuries; that the Plaintiff has suffered and will continue to suffer damages in an amount to be determined by a jury.

## II.
## SECOND CLAIM FOR RELIEF
### GUTTENBERG
### CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA")

19. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein

20. Plaintiff objected and complained, in accordance with CEPA, about the Defendants' conduct and activities which he believed were a violation of law, rule or regulation promulgated pursuant to law, or constituted a crime as alleged in this Complaint.

21. As result of Plaintiff's objection and complaint, the Defendant Town of Guttenberg through its agents and decision-makers retaliated against the Plaintiff in the terms and condition of his employment as alleged in this Complaint.

22. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

## III.
## THIRD CLAIM FOR RELIEF
### ASSAULT & BATTERY
### Lt. MAGENHEIMER

23. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

23. During union negotiations Lt. Magenheimer threat to put a bullet in Officer Zaldivar placed him in fear of his safety. The threat caused Officer Zaldivar's great anxiety, stress, and mental anguish.

24. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

## IV.
## FOURTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL HARM
### Lt. MAGENHEIMER

25. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

26. Lt. Magenheimer's threat to put a bullet in Officer Zaldivar's constituted an outrageous and extreme conduct inconsistent with society's standards of civility.

27. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

## V.
## FIFTH CLAIM FOR RELIEF
### HARASSMENT
### Lt. MAGENHEIMER

25. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

26. Lt. Magenheimer threat to put a bullet in Officer Zaldivar's was deliberate and willful, designed to cause alarm and fear in Officer Zaldivar.

27. As a result of Lt. Magenheimer's threat of deadly force, Officer Zaldivar became fearful for his safety.

28. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays that this Court enter an order finding as follows:

(a) That Plaintiff recover from the individual Defendants compensatory damages, exemplary and punitive damages, attorney's fees, and such other monetary relief as requested herein;

(b) That the Plaintiff recover from the Defendant Guttenberg compensatory damages, exemplary, attorney's fees, and such other monetary relief as requested herein or may be deemed appropriate in an amount to be determined by a jury.

(c) And that the Court grant such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury on all issues so triable.

DATED: January 5, 2009

                GINARTE O'DWYER GONZALEZ & WINOGRAD LLP

                /S/LOUIS A. ZAYAS
By: _____
      LOUIS A. ZAYAS, ESQ.
      400 Market Street
      Newark, N.J. 07105
      Counsel for the Plaintiffs
      (973) 854-8400