LOUIS A. ZAYAS, ESQ.
Law Offices of Louis A. Zayas, LLC
6121 Newark Avenue, Second Floor
North Bergen, N.J. 07047
(201) 295-9977
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS ZALDIVAR,<br><br>        Plaintiff,<br>    vs.<br><br>TOWNSHIP OF GUTTENBERG;<br>JOEL MAGENHEIMER,<br>        Defendants. | Case No.: 9-3545 (PGS)<br><br>COUNSEL CERTIFICATION IN SUPPORT OF PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT. |

I, LOUIS A. ZAYAS, ESQ., hereby certify under oath:

1.      I am attorney licensed to practice law in the State of New Jersey.  I represent the Plaintiff in the above-captioned matter. As such I am familiar with the facts and circumstances of this case. I submit this certification in support of Plaintiffs' motion to amend the complaint include new causes of actions and add an indispensable party to this action.

2.      Plaintiff Carlos Zaldivar ("Officer Zaldivar") was a police officer with the Guttenberg Police Department until July 2010. On July 17, 2009, Officer Zaldivar, a former P.B.A. President, filed a lawsuit alleging, among other things, unlawful First Amendment violations and violation of New Jersey's whistle-blowing statute under Conscientious Employee Protection Act arising out of a threat by his superior officer, Captain Maggenheimer, to "pull a bullet in his head" if Officer Zaldivar did not take certain actions in an upcoming union negotiations with the Town of Guttenberg.

1

3. The proposed amended complaint seeks to add additional state and federal claims relating to violation under New Jersey State Constitution, right to privacy, 18 U.S.C.A. §§ 2510-2521, and New Jersey Law Against Discrimination. With regards to Officer Zaldivar's proposed claims under New Jersey state constitution, these claims relate to Officer Zaldivar's constitutionally protected activities, including right to petition for redress of grievances, union activities, and complaining of unlawful activities within the police department impacting a public interest. These claims related back to the filing of the first complaint since there are related to the same facts and circumstances.

4. As to Officer Zaldivar's claims relating to his violation of privacy claims, i.e. Fourth Amendment, 18 U.S.C.A. §§ 2510-2521, and right to privacy, were based on his discovery on or about October 10, 2010 of Defendants having installed electronic surveillance device(s) in the "meeting room" where he and other police officers had a right to privacy.

5. As to Officer Zaldivar's New Jersey Law Against Discrimination, these claims were raised in the state action, which the parties have agreed to permit to be amended in this action. The only state claims that were added were Officer Zaldivar's claims of constructive discharge and retaliation.

6. Under Rule 15(a) (2), "[t]he court should freely give leave [to amend the complaint] when justice so requires." In this case, written discovery has not yet been completed and the parties have not taken any depositions.

7. Discovery has not yet has completed. No depositions have been taken, and fact discovery has not concluded. Accordingly, defendants cannot claim any undue prejudice in the filing of the proposed complaint.

For the foregoing reasons, Plaintiff respectfully requests an Order amending the complaint.


Date: 3/30/11                               /s/LOUIS A. ZAYAS
                                            LOUIS A. ZAYAS, ESQ. (LZ-1881)