LOUIS A. ZAYAS, ESQ.
Law Offices of Louis A. Zayas, LLC
6121 Newark Avenue, Second Floor
North Bergen, N.J. 07047
(201) 295-9977
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS ZALDIVAR, | ) Case No.: 9-3545 (PGS) |
| Plaintiff, | ) |
| vs. | ) AMENDED COMPLAINT |
| TOWNSHIP OF GUTTENBERG; JOEL MAGENHEIMER, | ) |
| Defendants. | ) |

The Plaintiff CARLOS ZALDIVAR, by and through his attorney, LOUIS A. ZAYAS, alleges the following upon information and belief:

### INTRODUCTION

1. This is a civil rights action brought by the Plaintiff for declaratory, injunctive relief, monetary and punitive damages to redress the deprivation of civil rights afforded to the Plaintiff under 42 U.S.C. §1983, Conscientious Employee Protection Act codified under N.J.S.A. 34:19-1 et seq.; 18 U.S.C.A. §§ 2510-2521. Title III of the Omnibus Crime Control and Safe Streets Act of 1968 was amended and retitled by Title I of the Electronic Communications Privacy Act of 1996, New Jersey Law Against Discrimination, and state causes of actions.

### PARTIES

2. Plaintiff Carlos Zaldivar ("Officer Zaldivar"), is a citizen of the State of New

1

Jersey and resides in the County of Hudson. Zaldivar was the President of the P.B.A. for the Guttenberg Police Department, and is employed by the Township of Guttenberg as a police officer.

3. Defendant Township of Guttenberg is a municipality organized by virtue of New Jersey law and pursuant to that law, is to be known and distinguished by the name "Guttenberg." Defendant Guttenberg is sued to affect the full declaratory, injunctive, compensatory damages demanded by the Plaintiff Zaldivar.

4. Defendant Captain Joel Maggenheimer ("Capt. Maggenheimer"), was and still is the highest ranking police officer in the Guttenberg Police Department. Defendant Capt. Maggenheimer is sued in his official, supervisory, and individual capacity for the purpose of effecting the full the declaratory, injunctive, compensatory and punitive damages demanded by the Plaintiff.

**JURISDICTION**

5. The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. §§1331 and 1343, which confers original jurisdiction upon the Court on the ground that the instant action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. Plaintiff also invokes this Court's pendent jurisdiction with respect to Plaintiff's claims based on the New Jersey Law Against Discrimination, Conscientious Employee Protection Act codified under N.J.S.A. 34:19-1 et seq. and common law causes of actions.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in as much as the Town of Guttenberg can be found in the District of New Jersey, and the cause of action occurred in the County of Hudson.

# FACTS

7. Capt. Maggenheimer is the highest ranking police officer in the Guttenberg Police Department. In that position, Capt. Maggenheimer Through financial contributions, personal relationship, and political patronage, Town of Guttenberg conferred significant employment benefits to Capt. Maggenheimer, i.e advancement and favorable treatment, in exchange for help in assisting the Town advance its political agenda and interests, including but not limited to, spying on and interfering with police union activities.

8. In his capacity as President of the Police Union, and long-time resident of Guttenberg, Officer Zaldivar frequently complained to Guttenberg about its unlawful or improper policies relating to the administration, operations, and management of the Guttenberg Police Department. Officer Zaldivar's complaints touched matters of public concern because it affected the public treasury, the morale of the police department, and public safety.

9. Officer Zaldivar also complained that Captain Maggenheimer and others interfered with police union activities, which often resulted in retaliatory actions. Such retaliatory actions included unfavorable assignment and lack of opportunities for favorable details, and promotions.

10. Because of his financial, personal, and political support for Guttenberg politicians, including former Mayor Della Donna, Captain Maggenheimer was routinely promoted within the police department. As a result his political alliance with Guttenberg politicians, Capt. Maggenheimer advanced the interest of the Town administration at the expense of the police department.

11. On or about October 17, 2008, Police Zaldivar was preparing for union negotiations with Guttenberg when Capt. Maggenheimer appeared for the purpose of interfering,

influencing and/or otherwise obstructing union activities to benefit his political benefactors, such as Mayor Della Donna. When Capt. Maggenheimer realized that Police Officer Zaldivar did not agree with his anti-police union position, Captain Maggenheimer threatens to "put a bullet in [Police Officer Zaldivar]." The threat of bodily injury was, in part, designed to harass, intimidate, and retaliate against Plaintiff for his previous complaints of unlawful conduct by the Defendant.

11. After being threatened by Captain Maggenheimer, Officer Zaldivar's filed an internal affairs complaint with the Internal Affairs Bureau of the Guttenberg Police Department against Captain Maggenheimer.

12. Not only did Defendant Town of Guttenberg failed to take immediate remedial action, thereby creating a hostile work environment for Officer Zaldivar, Defendant Town of Guttenberg engaged in unlawful retaliatory actions against him, including but not limited to, altering its previous practice of allowing unlimited time off for PBA related business by now requiring that Officer Zaldivar use up his vacation days, thereby extracting a heavy price.

13. During his career as a police officer, Office Zaldivar performed his duties and responsibilities in a satisfactory manner, receiving numerous meritorious awards and commendation, including being inducted to *The Honor Legion of the Police Departments of the State of New Jersey*. On February 23, 2009, the Guttenberg promoted Officer Juan Barrera (hereinafter "Sgt. Barrera") to the "rank" of Sergeant. Barrera is significantly younger than Officer Barrera.

14. In promoting Sgt. Barrera, Guttenberg failed to notify and/or interview any other prospective and qualified applicant for the position, including Officer Zaldivar, Officer D'Amore, and Officer Keith Heilken, three police officers over the age of forty, who possess

4

more experience and qualification than Barrera. Moreover, the three police officers were vocal advocates for the police unions. Officer Zaldivar was passed over for promotion by a younger and less experienced officer because of his age. Captain Magenheimer, who participated in the decision to promote Barrera believed that the position of sergeant was a young man's position. ,meaning that he wanted a younger officer. Upon information and belief, Captain Magenheimer recommended Barrera to exert greater influence over him, given his lack of experience.

15. As part of Guttenberg's and Captain Magenheimer's scheme to gather information from police officers engaged in union activities and private conversations, upon information and belief, Guttenberg with the knowledge of Captain Magenheimer approved the installation of at least one surveillance device in at least one room in the police department, commonly referred to as the "meeting room", since 2005 to the present. The surveillance device(s) was installed by the Defendants for the purpose of intercepting visual and oral communications of police officers and civilians in engaged in private and intimate activities.

16. The installation of said surveillance devices was not undertaken of any ordinary business activity or in furtherance of any legitimate law enforcement investigation. Upon information and belief, Defendants did not obtain a search warrant or court order to install any surveillance device in the meeting room. Moreover, Defendants failed to post any warnings in the police department that a surveillance camera was installed in the meeting room. The surveillance device was overbroad and sweeping in its purpose since it was operating 24-7 and captured and recorded countless of personal and private activities. Thus, police officers reasonably believed that their conversations in the meeting room were private and unmonitored.

17. The meeting room was routinely used by police officers, including plaintiff, to discuss police business, personal matters, and union activities. Plaintiff, as well as others, had an

expectation of privacy in conversations conducted in the meeting room.

18. Upon information and belief, the surveillance device was operational when the meeting room was used by female police officers to conduct strip searches of female prisoner. On October 10, 2010, Plaintiff learned that Captain Magenheimer had a copy of a taped conversation of Plaintiff and other police officers speaking to each other. Plaintiff ascertained that the taped conversation had taken place in the meeting room. Plaintiff was shocked and upset that Captain Maggenheimer had obtained such conversations because he had an expectation of privacy in the meeting room. When word circulated within the police department of the aforementioned recording, police officers discovered the surveillance device hidden in the sprinkler in the ceiling. A police officer complained to Lieutenant Victor Conversano of Internal Affairs about the surveillance device, he appeared to be surprised. Despite the discovery of an unauthorized surveillance device, Defendants did not remove the surveillance device immediately.

## I.
## FIRST CLAIM FOR RELIEF
## MUNICIPAL LIABILITY PURSUANT §1983

19. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

20. Defendant Capt. Maggenheimer was and still is the highest ranking officer in the Guttenberg Police Department.

21. Guttenberg and individual Defendant Capt. Maggenheimer, acting pursuant to municipal policy, custom, usage and/or practice, subjected the Plaintiff to the deprivation of the following rights, privileges and immunities secured by the Constitution and the laws of the

United States:

 (a) Guttenberg violated the Plaintiff's right to free speech and petition the government for redress secured under the First Amendment to the United States Constitution;

 (b) Guttenberg violated Plaintiff's right to privacy secured under the Fourth Amendment to the United States Constitution.

22. At all times relevant as alleged in this Amended Complaint, Capt. Maggenheimer was one of the individuals responsible for setting policy for the Guttenberg police department.

23. Acting under the color of law, Defendants intentionally, knowingly, or with deliberate indifference to the rights of the Plaintiff failed to train, instruct, supervise, control and/or discipline, on a continuing basis, Defendant Capt. Maggenheimer from engaging in the aforementioned unconstitutional violations, such as:

 (a) Unlawfully infringing upon Plaintiff's constitutional right to engage in collective bargaining negotiations without fear of retaliatory actions designed to chill First Amendment activities;

 (b) Guttenberg violated the Plaintiffs' right to free speech secured under the First Amendment to the United States Constitution by Defendants' retaliatory conduct to punish such free speech.

 (c) Guttenberg violated Plaintiff's right to privacy by installing surveillance devices design to intercept private and intimate conversations which Plaintiff had an expectation of privacy.

24. As a result of the foregoing, the Plaintiff has suffered great anxiety, humiliation, embarrassment and other related injuries in an amount to be determined by a jury.

## II.
## SECOND CLAIM FOR RELIEF
## GUTTENBERG
## CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA")

25. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein

26. Plaintiff objected and complained, in accordance with CEPA, about the Defendants' conduct and activities which he believed were a violation of law; rule or regulation promulgated pursuant to law, or constituted a crime as alleged in this Complaint.

27. As result of Plaintiff's objection and complaint, the Defendant Town of Guttenberg through its agents and decision-makers retaliated against the Plaintiff in the terms and condition of his employment as alleged in this Complaint, including being threatened with bodily injury and failure to be considered for promotion within the police department.

28. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

## III.
## THIRD CLAIM FOR RELIEF
## ASSAULT & BATTERY
## MAGENHEIMER

29. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

29. During union negotiations Capt. Magenheimer threaten to "put a bullet" in Plaintiff's head, thus placing him in fear of bodily injury.

30. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

8

## IV.
## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL HARM
## MAGENHEIMER

31. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

32. Capt. Maggenheimer's threat to put a bullet in Plaintiff's head constituted an outrageous and extreme conduct inconsistent with society's standards of civility.

33. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

## V.
## FIFTH CLAIM FOR RELIEF
## HARASSMENT
## MAGENHEIMER

34. All of the allegations in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

35. Capt. Maggenheimer threat to put a bullet in Officer Zaldivar's was deliberate and willful, designed to cause alarm and fear in Officer Zaldivar.

36. As a result of Capt. Maggenheimer's threat of deadly force, Officer Zaldivar became fearful for his safety.

37. As direct result of the foregoing, Plaintiff is now suffering and will continue to suffer emotional, psychological, and monetary damages in an amount to be determined by a jury.

## VI.
## CONSTITUTIONAL VIOLATION
### Free Speech

38. Plaintiff repeats each and every allegation as though the same were

9

recited herein at length.

39. Guttenberg, by and through its elected officials, has infringed and violated Plaintiff's constitutional right to engage in free speech afforded under the Constitution of the State of New Jersey.

40. As a direct and proximate result of defendant's actions, Plaintiff suffered economic and emotional damages in an amount to be determined by a jury.

## VII.

### CONSTITUTIONAL VIOLATION
### Right to Petition for Redress of Grievances

41. Plaintiff repeats each and every allegation as though the same were recited herein at length.

42. As a result of his protected activities, Guttenberg, by and through its elected officials and agents, has infringed, violated, retaliated, and interfered with Plaintiff's constitutional right to petition for redress of grievances secured under the Constitution of the State of New Jersey.

43. As a direct and proximate result of defendant's actions, Plaintiff suffered economic and emotional damages in an amount to be determined by a jury.

## VIII

### CONSTITUTIONAL VIOLATION
### Union Activities

44. Plaintiff repeats each and every allegation as though the same were

recited herein at length.

45. As a result of Plaintiff's union activities, Guttenberg, by and through its elected officials and agents, has infringed, violated, retaliated, and interfered with Plaintiff's right to engage in union activities.

46. As a direct and proximate result of defendant's actions, Plaintiff suffered economic and emotional damages in an amount to be determined by a jury.

## IX.

### OMNIBUS CRIME CONTROL & SAFE STREET ACT OF 1968
### 18 U.S.C.A. §§ 2510-2521

47. Plaintiff repeats each and every allegation as though the same were recited herein at length.

48. Defendants are "persons" and "entities" covered by 18 U.S.C.A. §§ 2510-2521. Defendants installed a surveillance device to intercept oral and video communications without permission or authorization as provided by the statute. Defendants' surveillance was not subject to its ordinary course of business or subject to a legitimate law enforcement purpose.

49. Defendants intercepted numerous oral communications between the Plaintiff and others involving matters that was believed to be private. Plaintiff had an expectation of privacy in said communications in the meeting room and other places were there was an expectation of privacy.

50. As a result, Plaintiff has suffered emotional damages in an amount to be determined by a jury.

X

11

**RIGHT TO PRIVACY**

51. Plaintiff repeats each and every allegation as though the same were recited herein at length.

52. Between 2005 to the present, while Plaintiff was employed as a police officer, Defendants intentionally, willfully, and negligently infringed upon Plaintiff's expectation of privacy in the workplace to engage in private and confidential communications with other individuals.

53. Defendants taped recorded at least one conversation involving Officer Zaldivar with other police officers that he considered private and unmonitored by the Defendants.

54. Upon information and belief, Defendants have unlawfully conducted electronic surveillance of Plaintiff and other police officers to benefit the Defendants.

55. As a result of the Defendants' conduct, Plaintiff has suffered emotional damages in the amount to be determined by a jury.

**COUNT XI**
**FAILURE TO PROMOTE**
**NJLAD AGE**

56. The Plaintiff repeats and realleges the allegations set forth above as if more fully set forth herein.

57. The Plaintiff was not considered for promotion to the rank of sergeant by the Guttenberg, in part, because of his age.

58. The Plaintiff's age is given protected status under New Jersey's Law Against Discrimination.

59. The Plaintiff was not considered for promotion even though he was qualified for the promotion and was performing his duties and responsibilities in a satisfactory manner.

60. The actions of the Defendant violate New Jersey Law Against Discrimination, N.J.S.A., 10:5-1 *et seq.*, based on age and have caused Plaintiff to suffer economic, emotional, and psychological damages in an amount to be determined by a jury.

## COUNT XII
## UNLAWFUL RETALIATION
## NJLAD

61. The Plaintiff repeats and realleges the allegations set forth above as if more fully set forth herein.

62. As a result of Plaintiff's complaint of unlawful discrimination in the workplace, Guttenberg retaliated against him in the workplace, among other things, selectively enforcing the police department's rules and regulations.

63. The Plaintiff's age is given protected status under New Jersey's Law Against Discrimination.

64. Defendants' actions violate New Jersey Law Against Discrimination, N.J.S.A., 10:5-1 *et seq.*, against unlawful retaliation and have caused Plaintiff to suffer economic, emotional, and psychological damages in an amount to be determined by a jury.

## COUNT XIII
## CONSTRUCTIVE DISCHARGE
## NJLAD

65. The Plaintiff repeats and realleges the allegations set forth above as if more fully set forth herein.

66. As a result of Plaintiff's complaint of unlawful discrimination in the workplace and/or age, Guttenberg began to retaliate against Plaintiff in the workplace, among other things, by selectively enforcing the police department's rules and regulations in an apparent effort to terminate the Plaintiff's employment based on pretextual grounds.

67. In the past, Guttenberg terminated a police officer for having complained of

public corruption. In light of Captain Maggenheimer's obvious hostility towards Plaintiff, and Guttenberg's culture of selective enforcement of its rules and regulations, no reasonable employee in Plaintiff's position would constitute to work for Guttenberg and risk his pension and job security.

68. Defendants' actions violate New Jersey Law Against Discrimination, N.J.S.A., 10:5-1 *et seq.*, against unlawful retaliation and have caused Plaintiff to suffer economic, emotional, and psychological damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays that this Court enter an order finding as follows:

(a) That Plaintiff recovers from the individual Defendant Captain Maggenheimer compensatory damages, exemplary and punitive damages, attorney's fees, and such other monetary relief as requested herein;

(b) That the Plaintiff recover from the Defendant Guttenberg compensatory damages, exemplary, attorney's fees, and such other monetary relief as requested herein or may be deemed appropriate in an amount to be determined by a jury;

(c) And that the Court grant such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a trial by jury on all issues so triable.

DATED: March 30, 2011

                            /S/LOUIS A. ZAYAS
                By: _____
                        LOUIS A. ZAYAS, ESQ.(lz-1881)

14